UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

SILVIA KLEINOVA,
Plaintiff,

v.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES;
ALEJANDRO MAYORKAS, Secretary of Homeland Security;
UR M. JADDOU, Director of USCIS;
MERRICK B. GARLAND, Attorney General,

Defendants.

Case No.: _____

4:26-cv-00021-SLG



RECEIVED

APR 03 2026

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. NATURE OF THE ACTION

1. This is an action under the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq., challenging the unlawful denial of Plaintiff's Form I-140 petition and subsequent denial of Form I-290B.

2. Defendants' actions were arbitrary, capricious, an abuse of discretion, and not in accordance with law.

3. Plaintiff seeks judicial review and an order vacating the unlawful agency decisions.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702.

5. Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff resides in Alaska.

## III. PARTIES

6. Plaintiff Silvia Kleinova resides at 704 W Willow Ave, Tok, Alaska 99780.

7. Defendant U.S. Citizenship and Immigration Services is the federal agency responsible for adjudicating immigration petitions.

8. Defendant Alejandro Mayorkas is the Secretary of Homeland Security.

9. Defendant Ur M. Jaddou is the Director of USCIS.

10. Defendant Merrick B. Garland is the Attorney General of the United States.

11. All Defendants are sued in their official capacities.

## IV. STATUTORY AND REGULATORY FRAMEWORK

12. Form I-140 petitions are governed by the Immigration and Nationality Act and implementing regulations, including 8 C.F.R. § 204.5.

13. Under INA § 203(b)(1)(A), an individual may qualify as an alien of extraordinary ability if they demonstrate sustained national or international acclaim and are among the small percentage at the very top of their field.

14. Title 8 C.F.R. § 204.5(h)(2) defines extraordinary ability as a level of expertise indicating that the individual is one of the small percentage who have risen to the very top of the field of endeavor.

15. Applicants may demonstrate eligibility either through a one-time major internationally recognized award or by meeting at least three of the regulatory criteria set forth in 8 C.F.R. § 204.5(h)(3).

16. USCIS must also conduct a final merits determination evaluating whether the individual has sustained acclaim and is among the top of the field.

V. FACTUAL BACKGROUND

17. On or about November 23, 2021, Plaintiff filed Form I-140 as a self-petitioner under the EB-1A extraordinary ability classification.

18. Plaintiff sought classification based on her achievements as a racer in the field of dog sled sports.

19. Plaintiff submitted extensive evidence, including race results, gold medals, media coverage, and proof of participation at elite international competitions, including representation of Team USA.

20. On or about October 3, 2023, USCIS denied Plaintiff's Form I-140 petition.

21. In its decision, USCIS acknowledged the legal standard for extraordinary ability under INA § 203(b)(1)(A) and 8 C.F.R. § 204.5(h), but concluded that Plaintiff did not sufficiently demonstrate sustained national or international acclaim or that she is among the small percentage at the top of her field.

22. USCIS discounted Plaintiff's evidence of competitive success, awards, and recognition, including race results and gold medals, and failed to give appropriate weight to her participation at the highest levels of her sport.

23. On or about March 5, 2026, USCIS denied Plaintiff's Form I-290B, reaffirming its prior conclusions without properly addressing the additional evidence and arguments submitted.

24. USCIS failed to properly evaluate the totality of the evidence and misapplied the governing legal standards.

VI. SPECIFIC AGENCY ERRORS

A. Failure to Properly Consider Objective Evidence

25. Plaintiff submitted objective evidence including official race results, gold medals, and media coverage.

26. USCIS failed to meaningfully analyze this evidence.

B. Mischaracterization of Achievements

27. USCIS improperly discounted Plaintiff's achievements, including medals earned while representing Team USA.

28. Such achievements reflect elite-level performance and national recognition.

C. Failure to Recognize the Nature of the Field

29. Plaintiff competes in dog sled racing, a specialized and internationally recognized athletic discipline.

30. Dog mushing is not an Olympic sport, and world-level competitions represent the highest level of achievement in the field.

31. USCIS failed to properly evaluate Plaintiff's accomplishments within the correct context.

D. Improper Elevation of Standards

32. USCIS imposed evidentiary requirements beyond those required by regulation.

33. The agency effectively required a level of proof not supported by law.

E. Failure to Apply the Two-Step EB-1A Analysis

34. USCIS failed to properly apply the required two-step analysis.

35. USCIS improperly discounted qualifying evidence at the initial step.

36. USCIS failed to conduct a proper final merits determination.

F. Improper Denial of Form I-290B

37. USCIS failed to meaningfully consider new evidence submitted with the motion.

38. The denial merely reaffirmed the prior decision without adequate analysis.

VII. COUNT I – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

39. Plaintiff incorporates all prior paragraphs.

40. Defendants' actions were arbitrary, capricious, an abuse of discretion, and not in accordance with law.

41. Defendants failed to consider relevant evidence and applied incorrect legal standards.

42. Plaintiff has been harmed by the unlawful denial of immigration benefits.

VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Declare that Defendants' actions violated the APA;

B. Vacate the denial of Form I-140 and Form I-290B;

C. Remand the case to USCIS for reconsideration;

D. Award costs and fees as permitted by law;

E. Grant any further relief the Court deems just and proper.

IX. SIGNATURE

Respectfully submitted,

Silvia Kleinova
704 W Willow Ave
Tok, Alaska 99780
907-940-4005

Pro Se Plaintiff